### G. L. CALVERT v. CHARLES W. WHITMORE.

QUO WARRANTO — *Name of Candidate* — *Evidence.* If, for a certain of-
fice, there is but one person running of a given name, say the name
of G. L. Calvert, he should be permitted to show, in a proper action
brought therefor, that ballots cast, bearing respectively the names
"Calvert," "A. L. Calvert," and "J. C. Calvert," were meant and in-
tended by the voters so casting them to have been cast for G. L. Cal-
vert.

*Original Proceeding in Quo Warranto.*

THE case is stated in the opinion, filed December 6, 1890.

*J. W. Lewis*, and *Bagley & Andrews*, for petitioner.

*D. Overmeyer*, and *W. C. Webb*, contra.

Opinion by SIMPSON, C.: This is an original action in this
court. The petition alleges that the plaintiff, G. L. Calvert,
is and was a resident of Itasca township, in Sherman county,
on the 1st day of November, 1889; that at the regular elec-
tion in November, 1889, the plaintiff and the defendant were
candidates for the office of justice of the peace in and for said
township; that the defendant, Charles W. Whitmore, received
159 votes, and that the plaintiff received 157 votes, and, in
addition to the 157 perfect ballots that were cast for the plain-
tiff, the following imperfect votes were cast: One for Calvert,
one for A. L. Calvert, and one for J. C. Calvert. He further
alleges that the three ballots cast, bearing respectively the
names of "Calvert," "A. L. Calvert," and "J. C. Calvert,"
were meant and intended by the voters so casting them for
this plaintiff, G. L. Calvert, and in truth and in fact were so
voted for plaintiff for said office; that in erasing the name of
Charles W. Whitmore and writing instead thereof the name
of the plaintiff on said ballots, the persons preparing the same
meant and intended to write on each of said ballots the name
of G. L. Calvert, but by mistake wrote the names as afore-
said; that prior to said election, the electors of said township
met in mass convention and nominated as candidates for jus-

tice of the peace, W. K. Brown, Charles W. Whitmore and this plaintiff, G. L. Calvert, and that these three persons were the only candidates for said office at said election; that, at the time of the election, this plaintiff had an office in the town of Goodland, in said township; that no person bearing the name of A. L. Calvert or J. C. Calvert resided in said township; that the only other person residing in said township bearing the name of Calvert was a farmer residing on a claim in the most remote corner of the township, and who was not a candidate, and who was entirely unknown to the great body of the electors of said township; and that the names of the electors casting the three ballots above named are known to the plaintiff, and are ready and willing to testify that said ballots bearing the names of "Calvert," "A. L. Calvert," and "J. C. Calvert," were so prepared and voted by mistake, but were in fact cast for the plaintiff for justice of the peace.    He then alleges the canvass of the vote, the issuance of a certificate of election to defendant; that the plaintiff filed his oath of office and offered an official bond for approval, demanded the possession of the office, etc.

To this petition a demurrer is interposed because it does not state a cause of action.    We think the petition contains every necessary allegation to state a good cause of action on the part of the plaintiff, and therefore recommend that the demurrer be overruled, and the defendant allowed thirty days to answer.

By the Court : It is so ordered.

All the Justices concurring.